[Cite as *State v. Fox*, 2016-Ohio-2745.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                    Court of Appeals No. E-15-033

      Appellant                           Trial Court No. 2015-CR-0120

v.

Frederick Fox                                **DECISION AND JUDGMENT**

      Appellee                             Decided:  April 29, 2016

* * * * *

Mike DeWine, Ohio Attorney General, and Micah R. Ault,
Assistant Attorney General, for appellant.

James L. Murray, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a May 6, 2015 judgment of the Erie County Court of

Common Pleas, granting appellee's motion to dismiss based upon the failure to file prior

to the expiration of the governing statute of limitations.  For the reasons set forth below,

this court affirms the judgment of the trial court.

**{¶ 2}** On March 11, 2015, appellant, the state of Ohio, indicted appellee, Frederick Fox, the former school superintendent of the city of Huron school district, alleging that appellee unlawfully failed to disclose gifts valued at $1,007.32 in 2011, while appellee was a public servant in his capacity as a public school superintendent.

**{¶ 3}** All parties concur that the key issue underlying this case is the date upon which appellee ceased being a public servant so as to commence the governing two-year statute of limitations established by R.C. 2901.13(C)(1)(a).

**{¶ 4}** Appellant sets forth the following sole assignment of error:

> The trial court erred by granting Fox's Motion to Dismiss for failure to bring an action within the Applicable Statute of Limitations because Fox did not cease to be a public servant on the date of his suspension on September 6, 2012, but rather remained a public servant until the date of his termination on April 2, 2013.

**{¶ 5}** The following undisputed facts are relevant to this appeal. In July 2001, appellee initially began employment as the superintendent of the city of Huron school district. Appellee subsequently continued serving as superintendent until 2012 via a series of successive contracts with the board of education.

**{¶ 6}** On June 6, 2012, a member of the board of education submitted a report alleging various acts of misconduct by appellee during 2010-2011. The multiple allegations pertain to claims such as alleged financial improprieties in connection to a 2010 golfing trip to Wisconsin, alleged financial improprieties in connection to a 2011

2.

Arizona trip, and allegedly conveying false insinuations of an improper relationship with a school district employee.

{¶ 7} On June 19, 2012, appellee was suspended without pay pending an investigation into the above-described claims. However, on June 25, 2012, appellee's initial suspension was rescinded.

{¶ 8} On September 6, 2012, appellee was again suspended without pay from the school superintendent position. September 6, 2012, was the final day appellee performed any services as school superintendent. After September 6, 2012, appellee was banned from being present on school grounds and was required to return his office keys and all school property.

{¶ 9} The record further reflects that September 6, 2012, was the final day appellee received a salary as school superintendent. After September 6, 2012, appellee's school district furnished life insurance policy, medical insurance, prescription drug insurance, dental insurance, and vision insurance were all canceled. Consistent with these actions, on September 6, 2012, the school district contributions to appellee's state retirement fund ceased. The school board resolution memorializing appellee's September 6, 2012 cessation of employment as school superintendent occurred on April 2, 2013.

{¶ 10} On March 11, 2015, appellee was indicted on one count of filing a false statement as a public official, in violation of R.C. 102.02(D), and one count of making a false statement as a public official, in violation of R.C. 2921.13(A)(7). Both counts were

3.

based upon appellee's alleged failure to disclose gifts in 2011 while a public servant valued at $1,007.32.

{¶ 11} On April 10, 2015, appellee filed a motion to dismiss based upon the cases being filed after the governing R.C. 2901.13(C)(1)(a) two-year statute of limitations expired. On April 29, 2015, an evidentiary hearing was held on the motion to dismiss. Witness testimony was taken by appellee and the school board president. In addition, various related written exhibits were admitted into evidence.

{¶ 12} Appellee asserted that his employment as a public servant ceased on September 6, 2012, thereby commencing the statute of limitations on that date. Conversely, appellant asserted that appellee's employment continued until April 2, 2013, the date of the subsequent board resolution memorializing the September 6, 2012 conclusion of appellee's employment as school superintendent.

{¶ 13} On May 6, 2015, the trial court granted appellee's motion to dismiss. The trial court determined in relevant part:

> [T]he proper analysis is when Defendant no longer performed his duties as a public servant * * * [T]his Court determines that for purposes of interpretation of the criminal statute of limitations R.C. 2901.13(C)(1)(a) this court finds that Defendant was separated from his duties as a public servant on September 6, 2012, the date of his final suspension. Defendant was not compensated after September 6, 2012 and did not accumulate sick or vacation time. Further, defendant received payment of his earned and

4.

unused sick and vacation time on September 7, 2012. Defendant's employment contract with the Huron City School District references the Administrative Fringe Benefits originally approved December 19, 2005 and modified June 19, 2007. Section Three of the Administrative Fringe Benefits document states "any unused vacation days shall be paid to the administrator at the time of separation". (Emphasis added).

{¶ 14} Following the trial court granting appellee's motion to dismiss, this appeal ensued.

{¶ 15} In the sole assignment of error, appellant asserts that the trial court erred in granting the motion to dismiss. In support, appellant reiterates the position that appellee's employment as a public servant for purposes of the R.C. 2901.13(C)(1)(a) statute of limitations did not cease until April 2, 2013, so as to render the indictment timely filed. We do not concur.

{¶ 16} We note at the outset that the resolution of this matter is fundamentally statutory in nature and entails application of the underlying facts to the governing statutes.

{¶ 17} R.C. 2921.01(A) defines a public official as, "[A]ny elected or appointed officer, or employee, or agent of the state or any political subdivision, whether in a temporary or permanent capacity." In conjunction with this, R.C. 2921.01(B)(1)(a) defines a public servant as, "Any public official."

5.

{¶ 18} R.C. 2901.13(C)(1)(a) is the controlling statute of limitations for filing criminal actions against public servants. It defines the applicable period of limitation as, "For an offense involving misconduct in office by a public servant, at any time while the accused remains a public servant, or within two years thereafter."

{¶ 19} Lastly, the statutory construction mandate of R.C. 2901.04(A) requires that, "[S]ections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."

{¶ 20} Given the governing statutory framework outlined above, we concur with the trial court conclusion that the key issue in this case is, "[W]hen Defendant Frederick Fox ceased to be a public servant," for purposes of R.C. 2901.13(C)(1)(a) statute of limitations considerations.

{¶ 21} In support of its position, appellant argues that the trial court should have interpreted R.C. 2901.13 pursuant to R.C. 2901.04(B), rather than R.C. 2901.04(A). R.C. 2901.04(B) provides in relevant part that, "[S]ections of the Revised Code providing for criminal procedure shall be construed so as to affect the fair, impartial, speedy, and short administration of justice."

{¶ 22} We find that even if, assuming arguendo, R.C. 2901.04(B) applies rather than R.C. 2901.04(A), appellant nevertheless has failed to demonstrate how the granting of the motion to dismiss in this matter was in breach of R.C. 2901.04(B). While appellant unilaterally concludes that a, "[S]tandard more favorable to Fox was significantly detrimental to the state of Ohio," the fact that the outcome was adverse to

6.

appellant's position does not demonstrate that it was therefore in breach of a controlling statute.

**{¶ 23}** Returning to our review of the statutory analysis undertaken by the trial court in support of its judgment, we note that the record encompasses overwhelming evidence demonstrating that appellee's tenure as a public servant ceased on September 6, 2012.

**{¶ 24}** A series of decisive and all-encompassing actions were taken by appellee's employer culminating in appellee no longer being obligated to perform any duties or obligations of any kind in connection to the former superintendent position. Appellee received no further salary or benefits of any kind, appellee was barred from the premises, appellee's residual leave balances were cashed out and furnished to him, thereby meeting the handbook definition of separation from employment, appellee was obligated to return all property belonging to the school district and all keys that had enabled access by appellee, and a deputy superintendent thereafter occupied appellee's former office and performed appellee's former job duties and obligations.

**{¶ 25}** In light of these facts and circumstances, we find that the record reflects that the only tenable interpretation of the events of September 6, 2012, is that appellee's period of service as a public servant ceased on that date for purposes of R.C. 2901.13(C)(1)(a) statute of limitations calculations applicable to any subsequent allegations of wrongdoing by appellee during his tenure as a public servant.

7.

**{¶ 26}** Accordingly, we find that the two-year statute of limitations governing this matter commenced on September 6, 2012. Thus, the March 11, 2015 indictment was filed approximately seven months after the expiration of the controlling statute of limitations. Appellee's motion to dismiss, based upon statute of limitations grounds, was properly granted by the trial court. Appellant's assignment of error is found not well-taken.

**{¶ 27}** On consideration whereof, the judgment of the Erie County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                          _____
                                                              JUDGE
Thomas J. Osowik, J.

James D. Jensen, P.J.                    _____
CONCUR.                                                  JUDGE

                                                   _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.

8.